# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Earl Oliver, | ) C/A No. 6:10-138-HMH-WMC |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Conway City Magistrate Court; J. Reuben Long | ) |
| Detention Center, of the Horry County Sheriff's | ) |
| Department, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The plaintiff, Edward Earl Oliver ("Plaintiff"), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is incarcerated at the J. Reuben Long Detention

Center in Conway, South Carolina, and he files this action *in forma pauperis* under 28

U.S.C. § 1915.  The complaint appears to name governmental entities as defendants.[2]

The plaintiff alleges that his due process rights were violated, and he asserts a denial of

access to the courts claim.  Plaintiff seeks money damages and injunctive relief.  The

complaint should be dismissed for failure to state a claim on which relief may be granted.

### *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that on July 8, 2009, he was tried and convicted in his absence on a charge of "public drunk" in the Conway City Magistrate Court. Plaintiff alleges that on that date Judge Andy Hendricks sentenced him to "time served."[3] Plaintiff does not provide the date that he was arrested and placed in the detention center, but it is clear that he alleges that he was at the detention center on June 22, 2009, because he alleges that

---

[3] Plaintiff does not mention why he is currently incarcerated in the detention center. This court cannot determine if Plaintiff is a pre-trial detainee on another charge or if he is serving time for some conviction.

Officer J. Wilson came to Plaintiff's cell to ask him if he wanted to plead guilty. Plaintiff told

him no. Plaintiff alleges that on June 23, [2009], Officer Espanol came to Plaintiff's cell to

ask him if he wanted to plead guilty. Plaintiff told him no. Plaintiff alleges that "J. Reuben

Long officials did knowingly, willfully and intentionally try him (Plaintiff) in his absence while

Plaintiff was being held in the J. Reuben Long Detention Center... ." Plaintiff alleges that

the Conway City Magistrate Court and J. Reuben Long Detention Center officials

intentionally refused to respond to Plaintiff's request for his trial. Plaintiff also alleges the

following facts: the magistrate court placed a bench warrant on Plaintiff on June 23, 2009,

while he was being held in the detention center; and Officer McCoy of Conway City Police

falsely accused and arrested Plaintiff for the public drunk charge. Plaintiff seeks

compensatory and punitive damages.

Plaintiff alleges that "J. Reuben Long Detention Center refuses to respond to

Plaintiff grievance for law books to petition the government/court on this or any other legal

matters." Plaintiff requests this court "to order J. Reuben Long Detention Center of the

Horry County Sheriffs' Department to supply its prisoners with the necessary law books,

materials, etc., that they as well as Plaintiff will be assured of their constitutional rights to

petition the government/courts, and their due process of law."

Plaintiff named two defendants – "Conway City Magistrate Court and J. Reuben

Long Detention Center of the Horry County Sheriffs' Department." On the service

documents submitted by Plaintiff, he listed "Director Tom Fox" as the person who should

be served with legal process at the J. Reuben Long Detention Center.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this case, neither of the two named defendants are "persons" subject to suit in a § 1983 civil rights action. It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The defendants – a magistrate court and a county detention center – are a department, group of buildings, or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, Plaintiff failed to state a claim on which relief may be granted.

5

Giving liberal construction to Plaintiff's documents and assuming that he may have intended to name as defendants Director Tom Fox of the detention center and Judge Andy Hendricks, presumably of the Conway City Magistrate Court, Plaintiff's lawsuit still should be dismissed for failure to state a claim on which relief may be granted.[4] First, judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and federal judges are also immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents

---

[4] Although Plaintiff mentions Officers J. Wilson, Espanol, and McCoy in his complaint, even liberally construed he does <u>not</u> appear to name them as defendants. Moreover, Plaintiff's allegations concerning Officers J. Wilson and Espanol do not allege any misconduct on their part.

a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Judge Andy Hendricks' alleged conduct of trying a case against Plaintiff in his absence on the "public drunk" charge and then sentencing him was part of Hendricks' normal judicial functions as a judge. The actions about which Plaintiff complains were not taken in the clear absence of all jurisdiction. Thus, Judge Andy Hendricks should be summarily dismissed if Plaintiff intended to name him as a defendant.

Secondly, there are no allegations of actions or failure to act by Tom Fox. He is not alleged to have done anything. It is merely stated that he is the director of the detention center. If Plaintiff attempts to sue Fox because he is a supervisor or manager, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Pursuant to § 1983, Fox cannot be liable for other officials' alleged misconduct of interfering with Plaintiff's right to attend his trial. Thus, Tom Fox should be summarily dismissed if Plaintiff intended to name him as a defendant.

While Plaintiff did not bring this action as a habeas corpus petition, he seems to attempt to overturn his public drunk conviction by having this court declare that it was unconstitutional.[5] Title 28 U.S.C. § 2254 does permit a federal district court to determine

_____

[5] The *Heck v. Humphrey* decision, 512 U.S. 477 (1994), may also bar Plaintiff's claims if he seeks to overturn his public drunk conviction by bringing this action when Plaintiff has not alleged

if a state court conviction is in violation of the Constitution. However, first a prisoner must exhaust the remedies available in the state courts. *See* 28 U.S.C. § 2254(b). If Plaintiff intends to bring a habeas petition in the future, he must first exhaust his state court remedies by seeking to overturn his conviction in the state courts. To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner can file an application for post-conviction relief in a court of common pleas. *See* S.C. Code Ann § 17-27-10 *et seq.* (1976). *See also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a court of common pleas, the petitioner can file a request for writ of certiorari with the South Carolina appellate courts. *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985).

Lastly, to the extent that Plaintiff brings suit against a defendant for the failure to provide an adequate law library for the detention center, Plaintiff may be claiming that his constitutional right of access to the courts has been denied. However, Plaintiff failed to state a cognizable claim for several reasons. First, there is no constitutional right to a law library or law books; the constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343,

---

the "favorable termination" requirement, that is, that his public drunk conviction has been invalidated or reversed. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). However, if Plaintiff's public drunk sentence has expired, he may be permitted to bring a civil rights action without alleging the "favorable termination" requirement. *Id.*

351 (1996); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008). *See e.g., Lewis*, 518 U.S. at 351-52 (allegation that a law library is inadequate may not be a constitutional violation if a prisoner has access to legal advice). It is well settled that to state a cognizable claim for denial of meaningful access to the courts a prisoner must allege specific actual injury resulting from the alleged denial. *Id.* at 349-353 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). In this case, Plaintiff does not allege any specific facts as to how his pending legal case, or any other legal matter, has been adversely affected due to his denial of access to legal materials, and, therefore, Plaintiff has failed to state a claim on which relief may be granted.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

s/William M. Catoe
United States Magistrate Judge

February 10, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).